UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAHIMA PRIMUS,

                Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A.,

                Defendant.

**MEMORANDUM AND ORDER**
24-cv-02090-LDH-JRC

---

LaSHANN DeARCY HALL, United States District Judge:

Rahima Primus ("Plaintiff"), proceeding pro se, brings the instant action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), asserting violations of the Truth in Lending Act (the "TILA"), the Electronic Funds Transfer Act (the "EFTA"), 15 U.S. Code Chapter 41, Federal Reserve Act Sections 16 and 29(e), 15 U.S. Code § 1611(1)(3), 41 U.S. Code § 6503, and unspecified violations of common law. (Complaint ("Compl.") ¶¶ 1-16, ECF No. 1-1.) Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint in its entirety.

## BACKGROUND[1]

On January 17, 2018, Plaintiff opened a credit card account with Chase. (Compl. ¶ 5.) On September 22, 2023, Plaintiff sent a payment in the amount of $5,446.19, letters of instructions, and proof of payment to Chase through certified mail. (*Id.* ¶ 6.) On or about October 6, 2023, Chase informed Plaintiff that her "form of payment was illegal." (*Id.* ¶ 8.) On October 17, 2023, Plaintiff sent Chase a payment in the amount of $5,639.39, letters of

---

[1] The following facts are taken from the Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

1

instructions, and proof of payment through certified mail. (*Id.* ¶ 9.) Sometime thereafter, Chase notified Plaintiff, for a second time, that her "form of payment was illegal." (*Id.* ¶ 10.) On November 14, 2023, Plaintiff sent Chase a payment in the amount of $4,210.40, letters of instructions, and proof of payment through certified mail. (*Id.* ¶ 12.) On November 21, 2023, Chase, once again, notified Plaintiff that her "form of payment was illegal." (*Id.* ¶ 13.) Separately, on September 27, 2023, Plaintiff applied for a personal Chase Sapphire Reserve credit card and was denied. (*Id.* ¶ 14.)

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* Although this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at a trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be

2

held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

### I. TILA Claim

The TILA provides borrowers with a private right of action to seek monetary damages against creditors who fail to make required disclosures. *See* 15 U.S.C. § 1640; *Granucci v. Wells Fargo Bank, N.A.*, No. 09-CV-4417, N.A., 2010 WL 5475613, at *1 (E.D.N.Y. Dec. 17, 2020). The TILA requires creditors to provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Defendant argues that Plaintiff's TILA claim should be dismissed because Plaintiff has failed to plead any facts demonstrating a TILA violation. (*Id.*) (Def.'s Mem. L. Supp. Mot. to Dismiss at 5-6, ECF No. 19-1.) The Court agrees.

To successfully overcome a motion to dismiss a TILA claim, a plaintiff must allege that a creditor failed to provide clear, conspicuous, and accurate disclosures of the loan's terms. *In re Green*, No. 1-18-41652-ess, 2020 WL 3412678, at *17 (Bankr. E.D.N.Y. June 18, 2020). Here, Plaintiff's allegation in support of her claimed TILA violation is limited to the statement that Plaintiff "files this complaint for damages and other relief under the Truth and Leading Act (TILA)." (Compl. ¶ 1.) This assertion alone without factual support for the claim does not implicate the TILA. Absent from the Complaint are any factual allegations to support her claim that Chase violated the TILA. (Compl. ¶ 1.) Notably, nowhere in Plaintiff's statement does Plaintiff allege that Chase failed to provide her with clear, conspicuous, and accurate disclosures

of the term of any loan.  (*See generally* Compl.)  As such, Plaintiff's TILA claim must be dismissed.

**II.   EFTA Claim**

The EFTA provides a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems."  15 U.S.C. § 1693(b).  To state a claim under the EFTA, plaintiff must allege that the account in question (1) was a "demand deposit, savings deposit," or other asset account, (2) "established primarily for personal, family, or household purposes," and (3) that "the unauthorized electronic fund transfer was initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account."  *Apostolidis v. JP Morgan Chase & Co.*, No. 11–CV–5664, 2012 WL 537805, at *5 (E.D.N.Y. Nov. 2, 2012) (citations and internal quotation marks omitted).  Of particular relevance here, the EFTA defines an "electronic fund transfer" as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated" electronically "so as to order, instruct, or authorize a financial institution to debit or credit an account."  15 U.S.C. § 1693(a)(7).

Here, Plaintiff complains that Defendant wrongfully rejected three payments remitted to it by Plaintiff on September 22, 2023, October 17, 2023, and November 14, 2023.  (Compl. ¶¶ 6, 9, 12.)  Viewed generously, the Court construes Plaintiff's Complaint as being brought under the EFTA; albeit unsuccessfully.  However, conspicuously absent from the Complaint is any allegation that the payments were made electronically.  (*See generally* Compl.)  To the contrary, Plaintiff alleges that she sent each of the payments to Chase via certified or registered mail (Compl. ¶¶ 6, 9, 12); the very sort of paper instruments excluded from the EFTA's reach, *see*

4

*Apostolidis*, 2012 WL 537805, at *5. In other words, according to Plaintiff's own allegation, Plaintiff's claims fall outside of the reach of 15 U.S.C. § 1693(b). The claim must be dismissed, accordingly.

### III. Other Federal Claims

Plaintiff purports to bring a host of additional federal claims that are simply incognizable on their face. For example, Plaintiff complains that Chase's denial of her application for a personal Sapphire Reserve credit card violated Sections 16 and 29(e) of the Federal Reserve Act. (Compl. ¶¶ 14, 16.) But, Sections 16 and 29 of the Federal Reserve Act do not confer a private right of action, and thus, Plaintiff's claims brought under the Federal Reserve Act must be dismissed. *See Scriven v. Barnum*, No. 24-CV-1805, 2024 WL 1769318, at *1-2 (E.D.N.Y. Apr. 24, 2024) (dismissing pro se plaintiff's claims alleging violations of the Federal Reserve Act on the basis that there is no private right of action under the Act).

Next, Plaintiff alleges that Chase's denial of her application for a personal Sapphire Reserve credit card violated 15 U.S. Code Chapter 41. (Compl. ¶ 14.) However, 15 U.S.C. Chapter 41 is inapplicable to Plaintiff's claims about consumer credit transactions, as it pertains to the establishment of the Federal Trade Commission. *See* 15. U.S.C. § 41 ("§ 41. Federal Trade Commission established; membership; vacancies; seal"). Plaintiff's claim brought under 15 U.S Code Chapter 41, too, must be dismissed.

Plaintiff also argues that Defendant somehow violated 41 U.S. Code § 6503(a). (Compl. ¶ 16.) However, § 6503(a) applies to contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." *See* 41 U.S.C. §§ 6502, 6503(a). While a contract may have been formed between the parties by virtue of a credit card agreement, Chase is not an agency of the United States and

5

therefore Plaintiff's claim brought under 41 U.S. Code § 6503(a) must be dismissed. *See Velez v. Credit One Bank*, No. 15-CV-4752, 2016 WL 324963, at 2 n.5 (E.D.N.Y. Jan. 25, 2016) (recognizing the satisfaction of contract formation principles through an individual's use of a credit card and payment to the credit provider).

Lastly, Plaintiff brings a claim against Chase under 15 U.S.C. § 1611 with respect to Chase's rejection of her payments and denial of her application for another credit card. (Compl. ¶ 15.) However, Section 1611 does not provide a private right of action as it imposes criminal liability. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (private citizens do not have a "judicially cognizable interest in the prosecution . . . of another"). None of Plaintiff's claims are cognizable, and they must be dismissed.

### IV.  Leave to Amend

Generally, a court should not dismiss a pro se complaint without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation and internal quotation marks omitted). However, allowing a party to replead claims would be futile where the problems with the causes of action are substantive and would not be cured with better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Such is the case here, and the Court declines to exercise supplemental jurisdiction for any common law claims that Plaintiff may intend to bring under state law. Accordingly, the Court declines to grant Plaintiff leave to amend.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      May 31, 2025

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge